Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1643 | **DATE** | 3/20/2013 |
| **CASE TITLE** | Dorcus Withers (K-63899) vs. Dr. Carter, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. The motion for the appointment of counsel, which is attached to Plaintiff's complaint but not docketed, is granted. The Court appoints Thomas E. Patterson, The Patterson Law Firm, One N. LaSalle St. Ste. 2100, Chicago, IL 60602, (312) 223-1699, Email: tpatterson@pattersonlawfirm.com, to represent Plaintiff pursuant to counsel's trial bar obligation under Local Rule 83.11(g) (N.D. Ill.). Within 30 days of the date of this order, counsel should enter an appearance for Plaintiff and inform the Court whether he intends to proceed with the current complaint or to submit an amended complaint, if an amended complaint does not conflict with counsel's Fed. R. Civ. P. 11 obligation.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Dorcus Withers, an inmate currently incarcerated at Lawrence Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Stateville Drs. Carter, Dobrick, and Kelly, as well as former warden Marcus Hardy. Plaintiff alleges that, in May 2011, while he was incarcerated at Stateville, he was treated at St. Joseph Hospital's emergency room for Priaprism, a condition that causes a prolonged erection. Plaintiff states that St. Joseph's physician believed the condition was caused by Plaintiff's Trazadone medication, which was then discontinued. According to Plaintiff, Stateville psychiatrist Dr. Kelly restarted Plaintiff on Trazadone in October of 2011. On November 16, 2011, Plaintiff sought medical attention when his erection would not subside. Although Dr. Carter prescribed medication to lower Plaintiff's blood pressure, the condition continued. Plaintiff states that he began having much pain, as well as bleeding from his penis; that both Dr. Carter and Dr. Dobrick prescribed antibiotic ointment and blood pressure medication which did not resolve the condition; and that neither doctor sent Plaintiff back to St. Joseph to see a specialist.

Plaintiff seeks both to proceed *in forma pauperis* ("IFP") and for the appointment of counsel.

Plaintiff's *in forma pauperis* ("IFP") motion indicates that he cannot prepay the $350 filing fee. The court assesses an initial partial filing fee of $15.00. The trust fund officer at Plaintiff's place of confinement is authorized to deduct this amount from Plaintiff's trust fund account, when available funds exist, and forward it to the Clerk of this Court. After the initial partial filing fee, the trust fund officer at Plaintiff's place of incarceration is authorized to collect monthly payments from plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain obligated for the filing fee and Lawrence authorities shall notify transferee authorities of any remaining balance, if plaintiff is transferred.

**STATEMENT**

The Court has conducted a preliminary review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A. Although Plaintiff's complaint could better articulate his claims, his allegations state colorable claims against the Stateville physicians. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (failure to follow the instructions of a specialist, as well as intentionally providing inadequate care and delaying treatment for a painful condition, can amount to deliberate indifference). As to former warden Marcus Hardy, Plaintiff names him as a Defendant but neither discusses Hardy in the body of the complaint nor alleges facts that would support a claim against him. Accordingly, Hardy is dismissed as a Defendant.

Given the nature of Plaintiff's claims, the Court grants his motion for counsel. The Court appoints Thomas E. Patterson, The Patterson Law Firm, One N. LaSalle St. Ste. 2100, Chicago, IL 60602, (312) 223-1699, Email: tpatterson@pattersonlawfirm.com to represent Plaintiff in accordance with counsel's trial bar obligation pursuant to Local Rule 83.11(g) (N.D. Ill.). Within 30 days of the date of this order, counsel should enter an appearance and notify the Court whether counsel intends to proceed with the current complaint or submit an amended complaint, if an amended complaint does not conflict with counsel's obligations under Fed. R. Civ. P. 11.